**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: _____**

Marisa Baxter,
    Plaintiff

v.

Citibank, N.A.,
    Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

**NATURE OF ACTION**

1. This is an action brought pursuant to the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION**

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

**PARTIES**

3. Plaintiff, Marisa Baxter ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Boulder, and City of Longmont.

4. Defendant, Citibank, National Association ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect an alleged debt from Plaintiff.

**FACTUAL ALLEGATIONS**

5. Prior to July, 2012, in connection with the collection an alleged debt (the "Debt), Defendant began placing calls to Plaintiff's cellular telephone.

6. Plaintiff sent written correspondence, via certified mail, dated August 24, 2011 to Defendant regarding the Debt, and in such correspondence, demanded that Defendant cease and desist from placing any further calls to Plaintiff's cellular telephone. (See August 24, 2011 Correspondence, attached hereto as Exhibit A)

7. Defendant received Plaintiff's demanding that Defendant cease and desist from placing any further calls to Plaintiff's cellular telephone on September 6, 2011 at 6:29 A.M. (See Certified Mail Receipt, attached hereto as Exhibit B).

8. Despite having received Plaintiff's demand to cease and desist from placing any further calls to Plaintiff's cellular telephone, Defendant placed calls to Plaintiff's cellular telephone, including, but not limited to, the following dates and times:

- July 15, 2012 at 9:19 A.M.;
- July 15, 2012 at 3:24 P.M.;
- July 15, 2012 at 5:02 P.M.;
- July 15, 2012 at 7:33 P.M.;
- July 15, 2012 at 8:24 P.M.;
- July 15, 2012 at 8:40 P.M.;
- July 16, 2012 at 10:05 A.M.;
- July 16, 2012 at 4:45 P.M.;
- July 16, 2012 at 6:03 P.M.;
- July 16, 2012 at 7:04 P.M.;
- July 16, 2012 at 7:59 P.M.;
- July 16, 2012 at 8:39 P.M.;
- July 17, 2012 at 4:51 P.M.;
- July 17, 2012 at 8:06 P.M.;
- July 18, 2012 at 10:34 A.M.;
- July 18, 2012 at 2:43 P.M.;
- July 18, 2012 at 4:54 P.M.;
- July 19, 2012 at 10:35 A.M.;
- July 19, 2012 at 8:30 P.M.;
- July 20, 2012 at 4:46 P.M.;
- July 21, 2012 at 10:12 A.M.;
- July 21, 2012 at 11:13 A.M.;
- July 23, 2012 at 4:47 P.M.;
- July 24 2012 at 10:45 A.M.;
- July 24 2012 at 5:26 P.M.;
- July 24 2012 at 7:55 P.M.;

- July 24 2012 at 8:51 P.M.;
- July 25 2012 at 1:48 P.M.;
- July 25 2012 at 3:01 P.M.;
- July 25 2012 at 8:09 P.M.;
- July 25 2012 at 8:32 P.M.;
- July 25 2012 at 8:52 P.M.;
- July 26 2012 at 12:15 P.M.;
- July 26 2012 at 7:37 P.M.;
- July 26 2012 at 8:14 P.M.; and
- July 26 2012 at 8:34 P.M.

9. On July 24, 2012 at 5:26 P.M., Plaintiff answered Defendant's call and, after approximately three (3) seconds, an artificial or pre-recorded voice stated: "Please hold while we connect you to a representative to talk with you about your Citibank account."

10. On July 24, 2012 at 5:26 P.M., Plaintiff answered Defendant's call and was directed to one of Plaintiff's representatives after an approximately eight (8) seconds delay.

11. Upon information and good-faith belief, the telephone calls identified in Paragraph 8 were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

12. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

13. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

14. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

15. Upon information and good-faith belief, Defendant voluntarily placed the telephone calls to Plaintiff identified in Paragraph 8.

16. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified in Paragraph 8 under its own free will.

17. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified in Paragraph 8.

18. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified in Paragraph 8.

19. Upon information and good-faith belief, Defendant maintains business records that evidence all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

22. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**October 26, 2012**          **/s/ Craig J. Ehrlich**
                              **Craig J. Ehrlich**
                              **Weisberg & Meyers LLC**
                              **5025 N. Central Ave., #602**
                              **Phoenix, AZ 85012**
                              **Telephone: (602) 445 9819**
                              **Facsimile: (866) 565 1327**
                              **Email: CEhrlich@AttorneysForConsumers.com**